```
            IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF ARKANSAS
                     WESTERN DIVISION
```

PAMELA BRADSHAW                                           PLAINTIFF

vs.              Civil Case No. 4:05CV00390 HLJ

MICHAEL ASTRUE, Commissioner,
Social Security Administration                            DEFENDANT

ORDER

Now before the court is Defendant's Motion for Reconsideration (DE # 17) Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (DE # 19), Plaintiff's Amended Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (DE # 23) (EAJA), and a Motion to Substitute Brian Brandshaw as Plaintiff (DE # 26) upon counsel's Suggestion of Death of the Plaintiff (DE # 25). Plaintiff's motion to substitute parties will be granted.

On September 26, 2006, the court entered a Memorandum and Order and a Judgment, reversing the decision of the Commissioner and remanding the case under sentence four for further proceedings at the administrative level (DE #'s 10 & 11). On July 5, 2007, the court granted Plaintiff's Motion for Attorney's Fees under EAJA, directing the Commissioner to pay fees and expenses in the amount of $4671.76 directly to Plaintiff's counsel (DE # 16).

On July 16, 2007, Defendant filed his Motion for Reconsideration (DE # 17) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, in which he objected to the payment of fees directly to counsel and requested the court to amend the judgment to reflect that

the fees should be paid directly to Plaintiff. In Plaintiff's Amended Motion for Attorney's Fees under EAJA (DE # 23), she requests additional fees in the amount of $1453.20 incurred in responding to Defendant's motion to reconsider and drafting the amended motion for fees.

The Eighth Circuit Court of Appeals recently decided in Ratliff v. Astrue, 540 F.3d 800, 801 (8th Cir. 2008), that attorney's fees awarded under EAJA are awarded to the attorneys for the prevailing parties, rather than to the parties themselves, which has been the long-standing practice in this District. Pursuant to Ratliff, Defendant's Motion for Reconsideration (DE # 17) is hereby denied. I further find Plaintiff is entitled to the additional EAJA fee of $1453.20. See Kelly v. Bowen, 862 F.2d 1333, 1334 (8th Cir.1988). Defendant will be directed to pay a total fee of $6124.96 under EAJA directly to Plaintiff's attorney.

Plaintiff has also requested an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $5190.75. She and Plaintiff entered into a contingency fee contract in which the Plaintiff agreed to pay counsel 25% of all past due benefits received. Following the remand ordered by this court, an Administrative Law Judge issued a fully favorable decision on February 12, 2007, awarding benefits and a period of back pay (Plaintiff's Exhibit A). The notice of award sent to counsel dated June 25, 2007, stated the Commissioner had withheld attorney's fees in the amount of $5190.75, but it did not disclose the amount of back pay awarded. Defendant states the

requested fee award would constitute 25% of Plaintiff's past due benefits (Defendant's Response to Plaintiff's motion for An Award of Attorney Fees Pursuant to 42 U.S.C. § 406(b), DE #21, p.4). I find the amount requested in Plaintiff's § 406(b) motion is reasonable compensation for work performed before this court under Gisbrecht v. Barnhart, 535 U.S. 789 (2002), and the motion should be granted.

IT IS THEREFORE ORDERED that Defendant's Motion for Reconsideration (DE # 17) be, and it is hereby, denied.

IT IS FURTHER ORDERED that Plaintiff's Motion to Substitute parties (DE # 26), Plaintiff's Motion for Attorney's Fees Under 42 U.S.C. § 406(b) (DE # 19), and Plaintiff's Amended Motion for Attorney's Fees under EAJA (DE # 23) be, and they are hereby granted. The court adopts its previous finding that Plaintiff is entitled to an award of fees and expenses in the amount of $4671.76 under EAJA, and grants Plaintiff's request for additional fees in the amount of $1453.20.  Defendant is directed to certify and pay to Plaintiff's counsel fees and expenses in the amount of $6124.96 under EAJA. Defendant is further directed to pay to Plaintiff's counsel fees in the amount of $5190.75, pursuant to 42 U.S.C. § 406(b).  Plaintiff's counsel is directed to refund the lesser amount of fees to Plaintiff. Id. at 796.

SO ORDERED this 10th day of October, 2008.

_____
United States Magistrate Judge